# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | 1:10-cv-01738-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF (Docs. 14, 15.) |
| E. FLIPPO, et al., | |
| Defendants. | |

## I. BACKGROUND

Tonie Elmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 2, 2010 at the United States District Court for the Central District of California. (Doc. 3.) On September 22, 2010, the case was transferred to the Eastern District of California. (Doc. 6.)

On October 4, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the Complaint under 28 U.S.C. § 1915A and issued an order on December 13, 2010, dismissing the Complaint with leave to amend. (Doc. 10.) On March 3, 2011, Plaintiff filed the First Amended Complaint. (Doc. 13.)

On May 3, 2011 and June 29, 2011, Plaintiff filed motions for preliminary injunctive relief, which are now before the Court. (Docs. 14, 15.)

**II.    PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested court orders compelling prison officials to ensure that Plaintiff's cell mate remains with him in the event Plaintiff is transferred to another facility, and preventing further retaliation against him for filing this lawsuit. The orders requested by Plaintiff would not remedy any of the claims brought by Plaintiff in this action. In the First Amended Complaint, Plaintiff claims that defendants failed to protect him from sexual assault by another inmate on January 23,

2010, denied him adequate medical treatment, falsely charged him with assault, and retaliated against him for filing prison grievances and a tort claim. (Doc. 13.) The orders for preliminary injunctive relief requested by Plaintiff in his motions would not remedy any of Plaintiff's claims in this action. Therefore, the Court lacks jurisdiction to issue the orders sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order in this action compelling any of the defendants to act pursuant to Plaintiff's motion.

### III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motions for preliminary injunctive relief, filed on May 3, 2011 and June 29, 2011, are DENIED.

IT IS SO ORDERED.

Dated:   **November 2, 2011**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE