# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | 1:10-cv-01738-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR JUDICIAL NOTICE |
| v. | (Doc. 17.) |
| E. FLIPPO, et al., | |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Tonie Elmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 2, 2010 at the United States District Court for the Central District of California. (Doc. 3.) On September 22, 2010, the case was transferred to the Eastern District of California. (Doc. 6.) The Court screened the Complaint under 28 U.S.C. § 1915A and issued an order on December 13, 2010, dismissing the Complaint with leave to amend. (Doc. 10.) On March 3, 2011, Plaintiff filed the First Amended Complaint. (Doc. 13.)

On November 3, 2011, Plaintiff filed a Request for Judicial Notice, which is now before the Court. (Doc. 17.)

## II. JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and

1

ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

In his Request, Plaintiff brings allegations that beginning on April 13, 2011, he was placed in Ad-Seg for three months on a bogus charge; his property was taken by correctional officers; and he has been unable to resolve these issues through the prison appeals process. Plaintiff submits forty-six pages of affidavits and other documentary evidence in support of his allegations. Plaintiff's allegations are not appropriate for judicial notice, because they are subject to reasonable dispute. Moreover, the events recited by Plaintiff occurred long after the complaint for this action was filed, are not related to the allegations and claims in the complaint or amended complaint, and are not at issue in this action. Therefore, Plaintiff's Request for Judicial Notice shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Request for Judicial Notice is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 7, 2011**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE