UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONIE ELMORE, | ) | 1:10-cv-01738-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO BE MOVED TO LOWER C-YARD |
| | ) | (Doc. 20.) |
| vs. | ) | |
| | ) | ORDER GRANTING EXTENSION OF TIME TO COMPLY WITH ORDER OF NOVEMBER 8, 2011 |
| E. FLIPPO, et al., | ) | |
| | ) | (Doc. 19.) |
| Defendants. | ) | |
| | ) | THIRTY DAY DEADLINE FOR PLAINTIFF TO EITHER: |
| | ) | |
| | ) | (1) FILE A SECOND AMENDED COMPLAINT THAT DOES NOT EXCEED TWENTY-FIVE PAGES, OR |
| | ) | |
| | ) | (2) NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS E. FLIPPO AND D. GOREE, ON THE CLAIMS FOUND COGNIZABLE BY THE COURT IN THE NOVEMBER 8, 2011 ORDER |

Tonie Elmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 2, 2010 at the United States District Court for the Central District of California.

1

1  (Doc. 3.)  On September 22, 2010, the case was transferred to the Eastern District of California.
2  (Doc. 6.)
3       On October 4, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no
4  other parties have made an appearance.  (Doc. 9.)  Therefore, pursuant to Appendix A(k)(4) of the
5  Local Rules of the Eastern District of California, the undersigned shall conduct any and all
6  proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule
7  Appendix A(k)(3).
8       On December 1, 2011, Plaintiff filed a motion to be moved to the Lower C-Yard at Kern
9  Valley State Prison, where Plaintiff is incarcerated.  (Doc. 20.)  Plaintiff requests to be moved
10 because of issues with his cell mate and because of issues making it difficult for him to comply with
11 the Court's order of November 8, 2011, which requires him to respond to the Court within thirty
12 days.
13      The Court lacks jurisdiction to issue an order requiring prison officials to move Plaintiff from
14 one Yard to another based on actions occurring after this action was filed, because the Court does not
15 have such a case or controversy before it in this action.  See Zepeda v. United States Immigration
16 Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
17 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
18 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Therefore, Plaintiff's motion to be
19 moved must be denied.  However, the Court finds good cause to grant Plaintiff an extension of time
20 to comply with the Court's November 8, 2011 order.  **Plaintiff should refer to the November 8,**
21 **2011 order for further instructions.**
22      Based on the foregoing, IT IS HEREBY ORDERED that:
23      1.   Plaintiff's motion to be moved to Lower C-Yard is DENIED;
24      2.   Plaintiff is GRANTED an extension of time to comply with the Court's order of
25           November 8, 2011; and
26      3.   Within **thirty (30) days** from the date of service of this order, in compliance with the
27           Court's order of November 8, 2011, Plaintiff shall either:
28
                                    2

(1) File a Second Amended Complaint that does not exceed twenty-five pages, curing the deficiencies identified in the Court's order of November 8, 2011, or

(2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only against defendants Flippo and Goree on the claims found cognizable by the Court in the November 8, 2011 order.

IT IS SO ORDERED.

**Dated:** **December 2, 2011**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE