IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE,<br><br>      Plaintiff,<br><br>  vs.<br><br>E. FLIPPO, et al.,<br><br>      Defendants. | 1:10-cv-01738-GSA-PC<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 19.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Tonie Elmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 2, 2010 at the United States District Court for the Central District of California. (Doc. 3.) On September 22, 2010, the case was transferred to the Eastern District of California. (Doc. 6.) On October 4, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.)

On December 13, 2010, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On March 3, 2011, Plaintiff filed a First Amended Complaint. (Doc. 13.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. 1915 and entered an order on November 8, 2011, giving Plaintiff two options, to file a Second Amended Complaint or to notify the Court of his willingness to proceed with the claims found cognizable by the Court, within thirty days. (Doc. 19.) On December 12, 2011, the Court granted Plaintiff a thirty-day extension of time to respond

1

to the order. (Doc. 21.) The thirty-day period has now expired, and Plaintiff has not filed a Second Amended Complaint or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 31, 2010. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by either submitting an amended pleading making the clarifications required by the Court or by notifying the Court of his willingness to proceed on the claims found cognizable by the Court. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to set forth clear claims in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this

///

case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643. Therefore, based on the foregoing analysis, this action shall be dismissed for failure to comply with the Court's order of November 8, 2011.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey the Court's order of November 8, 2011; and

2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 26, 2012**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

3