# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | 1:10-cv-01738-GSA-PC |
| Plaintiff, | ORDER DISREGARDING MOTION FOR EXTENSION OF TIME AS MOOT |
| v. | (Doc. 28.) |
| D. GOREE, et al., | ORDER DENYING MOTION FOR INMATE REPRESENTATION |
| Defendants. | (Doc. 30.) |

## I. BACKGROUND

Tonie Elmore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 2, 2010 at the United States District Court for the Central District of California. (Doc. 3.) On September 22, 2010, the case was transferred to the Eastern District of California. (Doc. 6.) On October 4, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 9.)

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on December 13, 2010, dismissing the Complaint with leave to amend. (Doc. 10.) On March 3, 2011, Plaintiff filed the First Amended Complaint. (Doc. 13.) On November 8, 2011, the Court issued an order requiring Plaintiff to either (1) file a Second Amended Complaint, or (2) notify the Court

of his willingness to proceed with the First Amended Complaint on the claims found cognizable by the Court. (Doc. 19.)

On February 6, 2012, Plaintiff filed a motion for extension of time and a motion for inmate representation. (Docs. 28, 30.) Plaintiff's motions are now before the Court.

## II.   MOTION FOR EXTENSION OF TIME

Plaintiff requests a thirty-day extension of time to file a Second Amended Complaint, in compliance with the Court's order of November 8, 2011. (Doc. 28.) Inasmuch as Plaintiff was granted a ninety-day extension of time for this purpose on December 15, 2011, and the deadline shall remain pending for more than thirty days, Plaintiff's motion for extension of time is unnecessary and will be disregarded as moot.

## III.   MOTION FOR INMATE REPRESENTATION

Plaintiff also requests that the Court allow inmate Elliot Nash to represent Plaintiff in this action. If no adequate alternative is available, Plaintiff is not precluded from seeking assistance from a fellow inmate to litigate his lawsuit. Storseth v. Spellman, 654 F.2d 1349, 1353-54 (9th Cir. 1981). However, a fellow inmate who is a non-lawyer may not represent Plaintiff. A non-lawyer may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, Plaintiff's motion for the Court to allow inmate Elliot Nash to represent him must be denied.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time is DISREGARDED as moot; and

2. Plaintiff's motion for representation by inmate Elliot Nash is DENIED.

IT IS SO ORDERED.

Dated:   **February 8, 2012**              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE