UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONIE ELMORE, | ) | 1:10-cv-01738-AWI-GSA-PC |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| vs. | ) ) | (Doc. 52.) |
| E. FLIPPO, et al., | ) ) ) | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| Defendants. | ) ) ) ) ) ) | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING PAYMENTS UNDER 28 U.S.C. § 1915 (Doc. 2.) |
| | ) ) ) ) | ORDER FOR PLAINTIFF TO PAY $350.00 FILING FEE WITHIN **TWENTY DAYS** OR CASE WILL BE DISMISSED |

**I.     BACKGROUND**

Tonie Elmore ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted the Complaint commencing this action on August 31, 2010. (Doc. 1.) On September 2, 2010, Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and directed that monthly payments be forwarded to the Court [by the California Department of

Corrections] to pay the filing fee for this action in accordance with 28 U.S.C. § 1915. (Doc. 2.) This action now proceeds on the First Amended Complaint, filed by Plaintiff on March 3, 2011, against defendants Correctional Officers D. Goree and E Flippo (collectively "Defendants") for failure to protect Plaintiff in violation of the Eighth Amendment, and on Plaintiff's related state law claims. (Doc. 13.)

On July 31, 2012, Defendants filed a motion to revoke Plaintiff's in forma pauperis status. (Doc. 52.) Plaintiff has not filed an opposition.

## II.   THREE STRIKES PROVISION

The Prison Litigation Reform Act governs proceedings in forma pauperis. 28 U.S.C. 1915. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III.   DEFENDANTS' MOTION

Defendants argue that Plaintiff is precluded from proceeding in forma pauperis under 28 U.S.C. § 1915(g) and that he was erroneously granted in forma pauperis status. Defendants assert that Plaintiff has, on more than three occasions, had prisoner lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Defendants request the Court to take judicial notice of the District Court dispositions attached as Exhibits A-C to their motion, showing that Plaintiff has incurred at least three "strikes" under § 1915(g) as follows:

1. <u>Elmore v. Clark</u>, U.S. Dist. Ct., N.D. Cal., case no. C 00-1275. Order of dismissal on August 25, 2000. (Exhibit A.)
2. <u>Elmore v. Lamarque</u>, U.S. Dist. Ct., N.D. Cal., case no. C 00-2269, 2000 U.S. Dist. Lexis 18105. Order of dismissal on November 2, 2000. (Exhibit B.)
3. <u>Elmore v. Salinas Valley State Prison</u>, U.S. Dist. Ct., N.D. Cal., case no. C 00-2929. Order of dismissal on August 25, 2000. (Exhibit C.)

///

**Discussion**

The Court takes judicial notice of the District Court dispositions submitted as exhibits by Defendants for cases C 00-1275 Elmore v. Clark, et al. (N.D. Cal.) (dismissed 08/25/2000 for failure to state a claim); C 00-02269 Elmore v. Lamarque. (N.D. Cal.) (dismissed 11/02/2000 for failure to state a claim); and C 00-02929-CRB Elmore v. Salinas Valley State Prison (N.D. Cal.) (dismissed 08/25/2000 for failure to state a claim).[1]  Under this evidence, Plaintiff became subject to section 1915(g) on November 2, 2000, and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

Defendants have not made any argument addressing whether Plaintiff was under imminent danger of serious physical injury at the time the Complaint for this action was submitted.  However, the Court has reviewed Plaintiff's Complaint and First Amended Complaint and finds that Plaintiff does not meet the imminent danger exception.[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007); Shobe v. People of State of Cal., 362 F.2d 545, 546 (9th Cir. 1966) ("The granting or refusal of the privilege created by 28 U.S.C.A. 1915 to commence and prosecute a suit in forma pauperis is a matter within the court's discretion, [and the Ninth Circuit] has held that the discretion to deny state prisoners the privilege is especially broad in civil actions against their wardens and other officials connected with the institution in which they are incarcerated.") (internal quotation marks omitted).  Because Plaintiff was not under imminent danger of serious physical injury at the time he submitted the Complaint, he is ineligible to proceed in forma pauperis in this action.  Therefore, Defendants' motion shall be granted, Plaintiff's in forma pauperis status shall be revoked, and Plaintiff shall be required to submit the appropriate filing fee in order to proceed with this action.[3]

///

---

[1] The court may take judicial notice of court records and administrative records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)

[2] Plaintiff's claim in this action arises from allegations that defendants failed to protect him from assault by a cell mate and failed to provide him with adequate medical treatment.  The Court expresses no opinion on the merits of Plaintiff's claims.

[3] To date, no payments for the filing fee have been received in this action.

**III.  CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status, filed on July 31, 2012, is GRANTED;

2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis in this action, and Plaintiff's in forma pauperis status is REVOKED;

3. The court's order of September 2, 2010, which granted Plaintiff's application to proceed in forma pauperis and directed that monthly payments be forwarded to the Court to pay the filing fee for this action in accordance with 28 U.S.C. § 1915, is VACATED;

4. Plaintiff shall submit the $350.00 filing fee in full within **twenty (20) days**;

5. The Clerk of Court is directed to serve a copy of this order on:

    (1) the Director of the California Department of Corrections, and

    (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

6. If Plaintiff fails to pay the $350.00 filing fee in full within twenty days, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   March 18, 2013

                                                    SENIOR DISTRICT JUDGE